**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN AITON, | Civil Action No. 15-6533 (MAS) (TJB) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| VERIZON NEW JERSEY, INC., | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Cellco Partnership's, doing business as Verizon Wireless[1] ("Verizon" or "Defendant"), motion to dismiss Plaintiff Dawn Aiton's ("Ms. Aiton" or "Plaintiff") Complaint and compel arbitration. (ECF No. 9.) Plaintiff filed an opposition (ECF No. 11), Defendant replied (ECF No. 15), and, with the Court's permission (ECF No. 19), Plaintiff filed a sur-reply (ECF No. 20). The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendant's motion to dismiss is granted.

The crux of this dispute is whether Ms. Aiton entered into a binding arbitration agreement with Verizon regarding a cellular phone account (the "Account") that was opened by her father John Aiton ("Mr. Aiton"), and thus must submit her dispute regarding Defendant's alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), to arbitration. (*See generally* Pl.'s Opp'n Br., ECF No. 11.) In support of its motion to dismiss, Defendant asserts

---

[1] Improperly pled as Verizon New Jersey, Inc.

that the Account is governed by the Customer Agreement, which contains a binding arbitration clause ("Arbitration Clause"). In opposition to Defendant's motion to dismiss, Plaintiff does not address the scope or validity of the Arbitration Clause in the Customer Agreement. Rather, noting that Defendant alleged that only John Aiton, a non-party to this action, signed the Customer Agreement, Plaintiff declares that she "never signed an Arbitration [Clause] with Defendant, and Defendant does not claim that she has." (Pl.'s Opp'n Br. 3.) Accordingly, Plaintiff argues that she is not bound by the Arbitration Clause in the Customer Agreement. (*Id.*)

In its reply brief, however, Defendant, for the first time, asserts that "Plaintiff personally signed her initials to the subject Agreements on at least three separate occasions, expressly agreeing to resolve all disputes with [Verizon] through mandatory arbitration." (Def.'s Reply Br. 2, ECF No. 15.) In support of this contention, Defendant submitted copies of three receipts ("Receipts") that were signed with Plaintiff's initials on May 23, 2014, October 22, 2014, and February 19, 2015, respectively. (Suppl. Decl. of Scott Johnson ("Johnson Suppl. Decl."), Exs. D, E, ECF Nos. 15-3, 15-4; Decl. of Avram Polinksy, Ex. A, ECF No. 9-6.) Defendant also argues that Ms. Aiton had accepted the terms of the Customer Agreement, including the Arbitration Clause, by activating service on the Account. (Def.'s Reply Br. 5.) In light of the new arguments raised in Defendant's reply brief, the Court granted Plaintiff permission to file a sur-reply. (ECF No. 19.) In her sur-reply, Plaintiff does not dispute that she signed the Receipts. (*See* Pl.'s Sur-reply, ECF No. 20.) Plaintiff argues, however, that: (1) notwithstanding words of incorporation in the Receipts, the Arbitration Clause in the Customer Agreement is binding on only the signatories

to the *Customer Agreement* (*id.* at 3-5) (emphasis added); and (2) equitable estoppel cannot be applied to Plaintiff because her TCPA claim is not based on the Customer Agreement (*id.* at 6-8).

With respect to Plaintiff's argument that the Arbitration Clause in the Customer Agreement was not incorporated by reference into the Receipts, this argument is inapplicable because it ignores the arbitration provision in the Receipts. Thus, the cases on which Plaintiff relies are inapposite. Those cases concern the scope of an arbitration clause that is incorporated by reference into another agreement that does not contain an arbitration provision. *See, e.g., Imp. Exp. Steel Corp. v. Miss. Valley Barge Line Co.*, 351 F.2d 503, 505 (2d Cir. 1965) ("[T]he language of the arbitration clause incorporated in the bills of lading is restrictive in scope in that it is limited to disputes 'between the Disponent Owners and the Charters.'"); *Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venez.*, 991 F.2d 42, 47 (2d Cir. 1993) (holding that the arbitration clause "is worded broadly enough to allow its effective incorporation by reference into other contracts").

Here, the Receipts[2] that Plaintiff signed state: "I UNDERSTAND THAT I AM AGREEING TO . . . SETTLEMENT OF DISPUTES BY ARBITRATION AND OTHER MEANS INSTEAD OF JURY TRIALS." (Johnson Supp. Decl., Ex. D.) Plaintiff does not dispute that she signed the Receipts. Pursuant to the Receipts, Plaintiff is not only incorporated by reference into the Arbitration Clause in the Customer Agreement, but Plaintiff herself accepted the arbitration provision in the Receipts. Moreover, to the extent that the Receipts reference the arbitration

---

[2] The Court may consider the Receipts in granting Defendant's motion to dismiss, because Plaintiff has not disputed the authenticity of these documents, and they are exhibits to Defendant's submissions in support of its motion to dismiss. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that on a Rule 12(b)(6) motion, a court may consider, inter alia, any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").

provision in the Customer Agreement, the "term referring to [the agreement to arbitrate] appears plainly" in the Receipts, and Plaintiff has not alleged that Defendant "misrepresented or concealed its inclusion." *Progressive Cas. Ins. Co.*, 991 F.2d at 47. Accordingly, Plaintiff is bound to the agreement to arbitrate disputes.[3] *See id.* Furthermore, although Plaintiff has not raised this issue, the Court adopts the analysis set forth in *Raynor v. Verizon Wireless (VAW), LLC, d/b/a Verizon Wireless*, No. 15-5914, 2016 WL 1626020, at * 5 (D.N.J. Apr. 25, 2016), and finds that her TCPA claim falls within the scope of the arbitration clause. *See id.* (holding that TCPA claim fell within scope of arbitration provision in customer agreement). In addition, the Court also adopts the analysis in *Raynor*, with respect to the finding that because neither party requests a stay of the proceedings, the Court may dismiss the case in favor of arbitration. *Id.* at *6.

For the reasons discussed above, Defendant's Motion to Dismiss is granted. The Court will issue an order consistent with this Memorandum Opinion.

s/Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated: May 17, 2016

---

[3] Having found that Plaintiff is bound to arbitrate as a signatory to the Receipts, the Court need not reach Defendant's equitable arguments.